UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. SEAY,<br><br>             Plaintiff,<br><br>      v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS & REHABILITATION,<br><br>             Defendant. | Case No.  1:24-cv-01324-HBK (PC)<br><br>ORDER TO RANDOMLY ASSIGN A<br>DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO<br>DISMISS CASE[1]<br><br>FOURTEEN-DAY DEADLINE |

Pending before the court is Plaintiff Ronald Seay's Second Amended Complaint.  (Doc. 15).  For the reasons set forth below, the undersigned recommends the district court dismiss the Second Amended Complaint because it fails to state a cognizable federal claim.  The undersigned further finds any further amendments would be futile and recommends the case be dismissed without further leave to amend.

## SCREENING REQUIREMENT

A plaintiff who commences an action while in prison is subject to the Prison Litigation Reform Act ("PLRA"), which requires, inter alia, the court to screen a complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any defendant.  28 U.S.C. § 1915A.  This requires the court to identify any cognizable claims and

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. Jan. 2025).

dismiss the complaint, or any portion, if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

At the screening stage, the court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). The court's review is limited to the complaint, exhibits attached, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014); *see also* Fed. R. Civ. P. 10(c). A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

The Federal rules of Civil Procedure require only that a complaint include "a short and plain statement of the claim showing the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening. This requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

If an otherwise deficient pleading can be remedied by alleging other facts, a pro se litigant is entitled to an opportunity to amend their complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d

2

245, 248 (9th Cir. 1995). However, it is not the role of the court to advise a pro se litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13. Furthermore, the court in its discretion may deny leave to amend due to "undue delay, bad faith or dilatory motive of the part of the movant, [or] repeated failure to cure deficiencies by amendments previously allowed . . . ." *Carvalho v. Equifax Info. Srvs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010).

APPLICABLE LAW AND ANALYSIS

A. <u>Plaintiff's Operative Complaint</u> (Doc. 15)

Plaintiff proceeds on his Second Amended Complaint filed on January 26, 2026. (Doc. 15, "SAC"). The SAC names "CDCR" in the caption and states in its entirety: "I do not know any other way to describe and document how my rights as a prisoner has been violated as was already communicated in the original complaint." (*Id*. at 3). Because an amended complaint completely replaces the previous complaint, any amended complaint must include all the claims a plaintiff wishes to present and all defendants a plaintiff wishes to sue. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992); *see also* Local Rule 220 (E.D. Cal. 2025).

Here, as pled, the SAC is facially deficient. It contains no defendants, other than CDCR in the caption, is completely devoid of facts, and requests no relief. Despite the court's instruction for a second time[2] that an amended complaint must be free-standing and may not incorporate previous pleadings by reference, the SAC contains no claims but only a reference to Plaintiff's initial complaint. (*See id.*). Although the Federal Rules adopt a flexible pleading policy, a complaint must at a minimum state the elements of the claim plainly and succinctly and give defendant fair notice so they may respond. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Because the SAC is essentially a blank pleading, the undersigned finds Plaintiff's it fails to state a cognizable legal claim. *See Neitzke*, 490 U.S. at 325; *Iqbal*, 556 U.S. at 678.

---

[2] As discussed below, Plaintiff's complaint and first amended complaint were also screened. The Court advised Plaintiff in both screening orders that in filing an amended complaint it must be free-standing.

3

Despite the court repeatedly warning Plaintiff that an amended pleading must be free-standing, due to Plaintiff's pro se status, in an abundance of caution, the court will consider Plaintiff's incorporated original complaint.

B. Plaintiff's Original Complaint  (Doc. 1)

Plaintiff's original complaint filed October 29, 2024,[3] alleged violations under 42 U.S.C. § 1983 against multiple defendants at different institutions.  (*See generally*, Doc. 1).  Specifically, the complaint named as defendants:  the California Department of Correction and Rehabilitation ("CDCR"), Sergeant Hall at Kern Valley State Prison, unidentified staff at Lancaster State Prison, unidentified staff at Corcoran State Prison, unidentified staff at North Kern State Prison, and unidentified staff at Folsom State Prison and asserted violations of Plaintiff's Fourth Amendment, Fifth Amendment, Eighth Amendment, Ninth Amendment, and Fourteenth Amendment rights. (*Id*.).

The gravamen of Plaintiff's complaint concerned Plaintiff's conditions of his confinement and the destruction of his personal property at various institutions.  (*See generally id*.).  Plaintiff cites the following litany of violations by unspecified staff on unspecified dates: CDCR staff stole and destroyed Plaintiff's property and sabotaged Plaintiff's cell; CDCR staff has created "unsafe living conditions," by running the air conditioning during the fall and winter and at times not providing Plaintiff with running water to drink, use the restroom, or bath; CDCR staff has not given Plaintiff items essential for living that is given to other inmates such as soap, blankets, toilet paper, and clothing; CDCR staff prevented Plaintiff from receiving packages or purchasing commissary items; Plaintiff has been denied use of a phone/tablet which other inmates have, which makes him a "target" in his pod; and Sergeant Hall and other staff locked Plaintiff in a two-foot by two-and-a-half-foot cell for almost a full day.  (*Id*.at 4-6).  The complaint included no dates as to when any of the alleged offenses took place.  As relief, Plaintiff sought reimbursement, restitution, and release.  (*Id*. at 7).

On October 24, 2025, the Court screened Plaintiff's original complaint and found it failed

---

[3] This case was reassigned to the undersigned on October 6, 2025.  (Doc. 9).

4

to state a cognizable federal claim. (Doc. 10).  In its screening order, the court found the complaint violated Rule 8 of the Federal Rules of Civil Procedure.  The complaint contained conclusory claims and cursorily alleged various actions/inactions taken by unidentified CDCR staff on unidentified dates.  Other than defendant Sergeant Hall, the complaint was otherwise devoid of any specific facts linking a particular defendant to any action or inaction for the court to infer that any defendant violated Plaintiff's rights.  Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations are not adequate to support a cause of action.  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  At a minimum, a plaintiff must state who acted or failed to act, on what date the event of which he complains occurred, and how the defendants' actions or failure to act injured the plaintiff.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

In relation to his claim against defendant Sergeant Hall, the Court expressed its concern that the conditions of a 2 x 2 ½ foot cell on its face could be violative of the Eighth Amendment.  However, the complaint failed to provide the date of the alleged action and did not include any other facts from which the court could infer that the degree of physical restrictions or deprivations to which Plaintiff was subjected violated his constitutional rights.  Accordingly, the court advised Plaintiff, if he chose to file an amended complaint, he must allege facts from which the court can conclude that his confinement posed a serious threat of physical harm or illness to Plaintiff or denied him the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

In addition to not providing any facts in support of any of the other alleged deprivations, the complaint did not provide the date(s) on which any of the alleged violations occurred and thus violated Rule 8 on that basis.  *See Cervantes v. Elsen*, 2023 WL 3483292 (N.D. Cal. May 15, 2023) (holding that allegations of misconduct occurring "from 2022 to 2023" did not constitute a specific date); *Valenzuela v. Monson*, 2020 WL 1812043, at *2 (D. Ariz. Apr. 8, 2020); *Fisher v. Washington State Department of Corrections*, 2019 WL 1745086, at *1 (W.D. Wash. Apr. 18, 2019) (finding a violation of Rule 8 where a lack of specific dates failed to provide defendants

fair notice of the claims); *Walker v. Muniz*, 2019 WL 2359229, at *4 (N.D. Cal. Jun. 4, 2019) (explaining that specific dates are required to meet the fair notice standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Further, the court noted that although "situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint," *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), a plaintiff must still plead sufficient factual detail to allow the court to reasonably infer that each defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court pointed out that Plaintiff's complaint named "staff" at Lancaster, Corcoran, North Kern, and Folsom State Prisons, but failed to identify any specific individuals or describe what any staff member did to violate his rights. "Plaintiff may not sue Doe [D]efendants collectively based on speculative beliefs as to whether they exist, or hypothetical allegations of what they may have done." *Hernandez v. Gonzalez*, 2010 WL 4917160, at *2 (E.D. Cal. Nov. 24, 2010). Plaintiff made broad allegations regarding air temperature and the withholding of soap and/or blankets attributing those actions to unidentified "staff" across five different institutions without specific dates or names. (*Id.* at 4-6). Consequently, the court found these claims too vague and conclusory to support the cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Regarding Plaintiff's claim that CDCR staff stole and destroyed his personal property and sabotaged his cell, the court pointed out that under California law, the Government Claims Act provides an adequate post-deprivation remedy for such losses. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994); Cal. Gov't Code §§ 810-895. Because an adequate state remedy exists, the court found Plaintiff's claim for the destruction of property did not rise to the level of a federal constitutional violation under § 1983. *Zinermon v. Burch*, 494 U.S. 113, 125-26 (1990).

Finally, the court noted that Plaintiff's request for "release" from incarceration is not a form of relief available in a § 1983 claim. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). When a state prisoner challenges the very fact or duration of his physical imprisonment and seeks immediate or speedier release, his sole federal remedy is a writ of habeas corpus. *Id.*

After identifying the pleading deficiencies and applicable law, the court afforded Plaintiff

6

an opportunity to file an amended complaint. The court advised Plaintiff that if he elected to file an amended complaint that it must be free-standing and complete on its face. (Doc. 10 at 7).

Plaintiff's First Amended Complaint (Doc. 12)

On November 12, 2025, Plaintiff filed a first amended complaint ("FAC") against unnamed CDCR Staff and Warden Pat Horn. (Doc. 12 at 1-2). The FAC alleged violations under 42 U.S.C. § 1983 against unnamed "many/various" CDCR Staff and Warden Pat Horn. (*Id*. at 1-2). Under Claim 1 on the complaint form, Plaintiff underlines "medical care," "access to court," and "freedom from cruel and unusual punishment." (*Id*. at 3). Under the "Supporting Facts" section for Claim 1, Plaintiff refers the court to the "camera footage in/on around the time previously stated on the original complaint for supporting evidence of abuse & cruel and unusual treatment/punishment." (*Id*.). No additional facts are provided in support of Claim 1.

In Claim 2 on the complaint form, Plaintiff does not identify the nature of any claim but states "same as claim 1." (*Id*. at 4). Similarly, under the "Supporting Facts" section for Claim 2, Plaintiff states "same as claim 1." (*Id*.). As relief, Plaintiff sought the "same as the original complaint filed." (*Id*. at 5).

On December 9, 2025, the court screened the FAC and again found it also failed to state a cognizable claim but afforded him an opportunity to file a second amended complaint. (Doc. 14). In addition to failing to provide any facts in support of any identified claim, the Court noted that with respect to defendant Warden Pat Horn, supervisory liability is not an independent cause of action under § 1983, and Plaintiff must allege both an underlying constitutional violation and a connection between the supervisor's actions and the violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). The court pointed out that Plaintiff failed to adhere to its instruction that the amended complaint must be free-standing and complete on its face, and advised Plaintiff that the court "does not construct a pleading by incorporating or merging pleadings." (Doc. 14 at 3-4). As noted above, Plaintiff elected to file a Second Amended Complaint which is the operative complaint in this action.

CONCLUSION AND RECOMMENDATION

Based on the above analysis, the undersigned recommends Plaintiff's Second Amended

7

Complaint and, to the extent incorporated, his original complaint, be dismissed for failing to state a cognizable federal claim.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice requires.  Fed. R. Civ. P. 15(a)(2).  The court is mindful that it must liberally construe the inartful pleading of pro se litigants.

In this instance, despite multiple opportunities to amend, Plaintiff has failed to cure the deficiencies identified in his initial complaint in either his first amended complaint or his operative pleading, his Second Amended Complaint.  In its screening orders, the court provided Plaintiff with the applicable law and pleading requirements.  Specifically, that Section 1983 of the Civil Rights Act requires an actual connection or link between the actions of a particular defendant and the alleged deprivation suffered by Plaintiff, that he must provide sufficient facts to support his allegations, and he must include the dates of the alleged offenses.  Additionally, the court twice warned Plaintiff that any amended pleading must be free-standing and could not incorporate by reference a prior pleading.  Given Plaintiff's repeated failures to cure any of these deficiencies despite the court's repeated guidance, further leave to amend is not warranted.  Indeed, in his SAC, Plaintiff explicitly states he does not "know any other way to describe" his claims.  (Doc. 15).  Accordingly, the undersigned finds that further leave to amend would be futile.

ACCORDINGLY, it is ORDERED:

The Clerk of Court shall randomly assign this case to a district judge for consideration of these Findings and Recommendations.

It is further RECOMMENDED:

The Second Amended Complaint (Doc. 15) and, to the extent incorporated, the original complaint (Doc. 1) be DISMISSED under 28 U.S.C. § 1915A for failure to state a claim, and this case be closed without further leave to amend.

NOTICE TO PARTIES

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written

objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014). These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Dated:     February 25, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

9